United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLA WEBB,<br><br>    Plaintiff,<br><br>v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 19-cv-00589-SVK<br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 21, 22 |

Stella Marie Webb ("Plaintiff") appeals from the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits under Title II and Title XVI of the Social Security Act. For the reasons discussed below, the Court remands this matter for further administrative proceedings.

**I.    BACKGROUND**

Plaintiff seeks disability benefits for the period April 10, 2010 through March 31, 2014. *See* Dkt. 15 (Administrative Record ("AR")) 15, 17. An Administrative Law Judge ("ALJ") held a hearing on September 25, 2017, at which Plaintiff and a vocational expert testified. *See* AR 32-78. On April 3, 2018, the ALJ issued an unfavorable decision. *See* AR 15-30. The ALJ found that Plaintiff had the following severe impairments: "congestive heart failure; obesity; substance addiction disorder; depressive disorder; and left ankle fracture." AR 17. The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. *See* AR 18. The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work with various limitations. *See* AR 19. The ALJ concluded that Plaintiff was not disabled because she was capable of performing jobs that exist in the national economy, including those of

an office helper, mail clerk, and cafeteria attendant. *See* AR 29.

After the Appeals Council denied review, Plaintiff sought review in this Court. *See generally* Dkt. 1. In accordance with Civil Local Rule 16-5, the Parties filed cross-motions for summary judgment. *See generally* Dkts. 21, 22. All Parties have consented to the jurisdiction of a magistrate judge. *See* Dkts. 9, 10.

## II. ISSUES FOR REVIEW

Plaintiff identifies a single issue for review. *See generally* Dkt. 21. In addition, Court identifies a preliminary issue.

Preliminary issue identified by the Court:

1. The ALJ identifies Plaintiff's left ankle fracture as a severe impairment. However, Plaintiff's left ankle fracture occurred outside of the covered period. Additionally, without addressing the coverage issue, the ALJ discounts the treating physician's opinion on the basis of the physician's reliance on the fracture. Thus, there is an ambiguity as to what the ALJ considered to be Plaintiff's ankle impairment.

Issue identified by Plaintiff:

2. Did the ALJ err in assigning greater weight to the opinions of the non-examining state medical consultants and the examining physician than the opinion of Plaintiff's treating physician, Dr. Jenny Cohen?[1]

## III. STANDARD OF REVIEW

This Court has the authority to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also* 42 U.S.C. § 405(g). Federal courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Brown-Hunter*, 806 F.3d at 492 (internal quotation marks and citation omitted).

The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards. *Brown-Hunter*, 806 F.3d

---

[1] The medical source statement in question appears to have been written by FNP Heather Rowley and co-signed by Dr. Jenny Cohen. *See* AR 828-30. For clarity, the Court will refer to the opinion as that of "Dr. Cohen."

2

at 492. "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," and this threshold is "not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks, citation, and alteration omitted); *see also Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) ("Substantial evidence" means more than a mere scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal quotation marks and citations omitted). The Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds*, 807 F.3d at 1002 (internal quotation marks and citation omitted). Where "the evidence is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Id.* (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)).

Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *See Brown-Hunter*, 806 F.3d at 492. But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Id*. The Court is "constrained to review the reasons the ALJ asserts." *Id*. (internal quotation marks and citation omitted). Additionally, "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina*, 674 F.3d at 1111 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

**IV. DISCUSSION**

**A. The ALJ's Identification of Plaintiff's Left Ankle Fracture as a Severe Impairment**

On the face of the ALJ's opinion, the Court identifies an ambiguity as to whether Plaintiff's severe impairment is a left ankle fracture specifically or more general chronic left ankle pain. The ALJ states that Plaintiff suffered from the severe impairment of a "left ankle fracture." AR 17. However, Plaintiff's covered period runs from April 10, 2010 through March 31, 2014 (*see* AR 17, 241), and the medical records indicate that Plaintiff suffered the left ankle fracture in

3

or about June 2015, after the covered period. *See* AR 380. Neither the Plaintiff nor the Commissioner address this discrepancy.

The ambiguity as to Plaintiff's ankle condition is heightened by medical records, which establish that Plaintiff did suffer from *chronic* foot and ankle pain during the covered period and through the date of the ALJ's opinion. *See*, *e.g*., AR 400, 406-07, 422. There are also medical records post-June 2015 that indicate the absence of a fracture.[2] The ALJ relies on these more recent records in discounting the weight accorded to the opinion of treating physician Dr. Cohen, which is the issue the Parties' have brought to this Court for review. *See* AR 25-26, 595, 712, 760, 808; *see generally* Dkt. 21.

It is unclear whether the ALJ misspoke in articulating Plaintiff's severe impairment of general chronic left ankle pain as a "left ankle fracture" or if he in fact found her left ankle fracture to be a severe impairment and thus failed to considered evidence within the covered period. Because the law requires Plaintiff to prove that she was disabled before March 31, 2014,[3] there must be a clarification as to Plaintiff's left ankle impairment. For this issue alone, the Court must remand.

Because it may be possible for this issue to be clarified and for the Parties' issue for review to remain intact, the Court will address the issue raised by the Parties as well.

### B. Medical Evidence

In her brief, Plaintiff challenges the ALJ's evaluation of the medical evidence. Specifically, Plaintiff argues that the ALJ improperly rejected the opinion of Plaintiff's treating physician, Dr. Jenny Cohen. *See* Dkt. 21 at 16. In social security disability cases, "[t]he ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In such cases, the opinion of a treating physician is entitled to more weight than the opinion of an examining physician, and more weight is given to the opinion of an examining physician than a non-examining physician. *See Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir.

---

[2] The Parties dispute this fact. *See* Dkt. 21 at 17-18; Dkt. 22 at 9-10. The Court addresses their substantive arguments in the following section. *See infra* Section IV.B.2.
[3] *See* 20 C.F.R. § 404.321.

4

2014). If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, it must be given controlling weight. 20 C.F.R. § 404.1527(c)(2). The ALJ must provide clear and convincing reasons, supported by substantial evidence, for rejecting the uncontradicted opinion of a treating physician. *See Ghanim*, 763 F.3d at 1160. Where contradicted, the opinion of a treating physician may only be rejected for "specific and legitimate reasons that are supported by substantial evidence." *Id.* Because Dr. Cohen's opinion is contradicted by the opinions of two non-examining state medical consultants and Dr. Jenna Brimmer, an examining physician, the ALJ is required to provide "specific and legitimate reasons," supported by substantial evidence, to discount Dr. Cohen's opinion.[4]

The ALJ gave Dr. Cohen's opinion "partial weight" because: (1) her "sitting limitation [was] not supported, as [Plaintiff] sat for far longer than 10 minutes at the hearing;" and (2) she "relie[d] on the July 2015[5] x-ray of the ankle for standing/walking limitations" but "subsequent x-rays have shown no fracture or degeneration."[6] AR 26.

### 1. Dr. Cohen's Sitting Limitation

To discount the opinion of a treating physician, the ALJ needed to procure specific and legitimate reasons supported by substantial evidence. The ALJ states that "Dr. Cohen's sitting limitation [was] not supported, as [Plaintiff] sat for far longer than 10 minutes at the hearing." AR 26. Plaintiff argues that this observation is akin to the unlawful "sit and squirm test" articulated by the Ninth Circuit. *See* Dkt. 21 at 16-17. The Court agrees.

---

[4] Plaintiff improperly argues that the ALJ failed to articulate "clear and convincing reasons" for discounting Dr. Cohen's opinion. Dkt. 21 at 6.
[5] The record does not contain an x-ray from July 2015. The Court takes the ALJ's reference to the "July 2015 x-ray" to mean the June 2015 x-ray located at AR 380.
[6] The Commissioner, in its cross-motion, attempts to provide numerous citations to the record to bolster the ALJ's rejection of Dr. Cohen's opinion. *See* Dkt. 22 at 7, 10. But "[w]hile the Commissioner has proffered reasons why [the treating physicians'] opinion[s] could be discounted by the ALJ, those reasons should be made in the first instance by the ALJ on the record." *Wallace v. Apfel*, No. C 00-0376 SI, 2001 WL 253222, at *4 n.5 (N.D. Cal. Mar. 2, 2001). Because the citations the Commissioner provides are not those made by the ALJ in his opinion, they must be rejected.

The Ninth Circuit has repeatedly held that an ALJ may not reject a claimant's testimony based solely on the failure to exhibit alleged symptoms at a hearing. *See Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985) (emphasis added). However, the inclusion of an ALJ's observations does not, by itself, render the entire decision improper. *See Verduzco v Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). As a result, the ALJ's finding that Dr. Cohen's sitting limitation was undermined by Plaintiff's actions at the hearing is not a specific and legitimate reason for rejecting the opinion.[7] However, this finding does not, by itself, warrant remand. *See Verduzco*, 188 F.3d at 1090.

### 2. Dr. Cohen's Reliance on June 2015 X-Ray vs. Subsequent X-Rays

The ALJ also gave Dr. Cohen's opinion only "partial weight" because she "relie[d] on the [June] 2015 x-ray of the ankle for standing/walking limitations" but "subsequent x-rays have shown no fracture or degeneration." AR 26. Although the ALJ refers to the plural "subsequent x-rays" in support of this statement, he cites only to a radiology report from April 2016. *See* AR 26 (citing AR 760). This report, which summarizes x-rays of Plaintiff's feet, notes that there are no fractures on either foot, no dislocation on the left foot, and no "significant degenerative change" on the right foot. AR 760. The left foot does, however, display a "tiny plantar calcaneal spur" and hammertoe deformities. *Id*. Earlier in his decision, the ALJ identified and evaluated all of the relevant x-rays. *See* AR 23-24.

First, the Court finds that the ALJ made a reasonable inference when he determined that Dr. Cohen based her opinion regarding standing/walking limitations on the June 2015 ankle x-ray. A review of Dr. Cohen's medical assessment statement demonstrates that Dr. Cohen referenced Plaintiff's left ankle break three times, with one specific reference to the June 2015 left ankle x-ray. *See* AR 828-29.

The Court next turns to Plaintiff's argument that the ALJ's citation to a single counter-example to Dr. Cohen's opinion, namely the April 2016 radiology report, is not sufficiently

---

[7] The ALJ's observation was also undermined by Plaintiff testimony about her issues with sitting wherein she notified the ALJ that she was "going to have . . . to stand up in a few minutes." AR 47.

6

"specific or legitimate." Dkt. 21 at 17. The Court is unpersuaded by this argument, as Plaintiff cites no authority to support her contention that one example is legally inadequate to support a statement which refers to multiple items, in this case, x-rays. Indeed, under the substantial evidence standard, the Court inquires whether the record contains sufficient evidence to support the ALJ's conclusion. Here, the Court finds that a reasonable mind would accept the April 2016 radiology report as an adequate basis for discounting Dr. Cohen's opinion.

Further, in determining whether substantial evidence supports the ALJ's decision, this Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (internal citation omitted)). Upon examination of the record, the Court identifies a left ankle x-ray taken in September 2015 that shows "old healed medial malleolar fracture deformity" and unchanged diffuse subcutaneous edema. AR 595. This x-ray could show, to Plaintiff's credit, that a fracture was present at some point in time and had since healed. *See id*. Alternatively, this x-ray could show, to the ALJ's credit, that there was no longer any fracture. *See id.* Thus, the September 2015 x-ray can reasonably be read to support either Plaintiff or the ALJ and, in such situations, the Ninth Circuit requires the Court to "uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Rounds*, 807 F.3d at 1102 (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)). Because the September 2015 x-ray can reasonably be read to support the ALJ's opinion, this Court upholds the ALJ's conclusion that subsequent x-rays show no fracture or degeneration.

Next, Plaintiff argues that the ALJ failed to discuss the medical records in their entirety to support his reasoning. *See* Dkt. 21 at 18-19. Under the "specific and legitimate reasons" standard, the ALJ is required to set out "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Thomas*, 278 F.3d at 957. Here, the ALJ provides a detailed review of the record in his determination of Plaintiff's RFC. S*ee* AR 20-24. Though he does not explicitly refer back to this detailed review of the

7

record while discussing Dr. Cohen's opinion, the Court finds it reasonable to imply a "see above" reference with regards to this opinion. *See Drogitis v. Berryhill*, No. 18-CV-02506-SVK, 2019 WL 802768, at *5 (N.D. Cal. Feb. 21, 2019).

In his comprehensive review of the record, the ALJ notes, with specificity, the medical records that evidence Plaintiff's ankle issues. *See* AR 23-24. In June 2015, an x-ray of Plaintiff's left ankle showed "age indeterminant avulsion fracture off of the medial malleolus" and Plaintiff's "ankle mortise was intact." AR 23 (citing Exhibit 1F/20). In September 2015, an x-ray of Plaintiff's left ankle showed old healed medial malleolus fracture deformity and diffuse subcutaneous edema. AR 24 (citing Exhibit 3F/17). In February 2016, an x-ray of Plaintiff's left foot indicated that the medial malleolar fracture was not well seen and a dedicated ankle x-ray was recommended. AR 24 (citing Exhibit 10F/164). Mild degenerative changes were seen and Plaintiff's tiny plantar calcaneal spur was unchanged. *Id*. In April 2016, an x-ray of both of Plaintiff's feet showed no fracture or dislocation of the left foot, though a tiny plantar calcaneal spur, hammertoe deformities, and pes planus were demonstrated. AR 24 (citing Exhibit 10F/116). The right foot showed no fracture or significant degenerative change, though there was pes planus. *Id*. The Court finds that this detailed and thorough summary of the facts, coupled with the ALJ's findings, are sufficient to satisfy the specific and legitimate standard. *See Thomas*, 278 F.3d at 957.

Plaintiff also argues that the ALJ's conclusion that subsequent x-rays show no fracture or degeneration is incorrect because the ALJ mistakes the April 2016 foot x-ray to be the same as an ankle x-ray. *See* Dkt. 21 at 17. Plaintiff argues that because the subsequent x-rays were of Plaintiff's feet rather than her ankle, the x-rays cannot support the ALJ's conclusion that there was no fracture of her ankle. *See id.* Plaintiff also notes that a February 2016 x-ray of the left foot recommends a "dedicated ankle x-ray." *Id*. (citing AR 768). The Court finds this argument unpersuasive. There was at least one subsequent left ankle x-ray taken in September 2015 (*see* AR 24, 595) which showed, at most, a healed fracture. *Id*. Additionally, the subsequent x-rays (*see* AR 712, 760) refer to the absence of a fracture. The Court finds it reasonable to infer that the subsequent x-rays support the ALJ's conclusion that subsequent x-rays show no fracture

8

or degeneration.

### 3. **Non-Examining State Medical Consultants**

Finally, Plaintiff argues that the ALJ erred by giving "great" weight to the opinions of two non-examining state medical consultants because his statement that their "assessments are consistent with the record as a whole" is conclusory. Dkt. 21 at 19-20; AR 25. The Ninth Circuit has stated that "[t]he opinions of non-treating or non-examining physicians may . . . serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

As discussed in Section IV.B.2, the ALJ provides a detailed review of the record and the medical opinions. *See* AR 20-26. In this review, he discusses, *inter alia*, the opinions of Dr. Brimmer, the non-examining state medical consultants, and Dr. Cohen. *See* AR 24-26. The ALJ affords Dr. Brimmer's opinion "partial weight" because it was "mostly supported by the examination findings" but her opinion that Plaintiff could frequently lift/carry twenty pounds was "not consistent with the record as a whole." AR 24-25. In contrast, the ALJ affords the non-examining state medical consultants' opinions "great weight" because they are "consistent with the record as a whole." AR 25.

Dr. Brimmer performed a consultative examination of Plaintiff on June 21, 2016. *See* AR 606-11. Dr. Brimmer opined that Plaintiff could stand and walk for six hours but would need a cane for long distances and uneven terrain. *See* AR 610-11. The first non-examining state medical consultant authored an assessment on August 27, 2015 (*see* AR 79-114) and opined that through the date last insured and the date of the opinion, Plaintiff could stand and walk for six hours in an eight-hour work day. *See* AR 88, 90, 106, 108. The second non-examining state medical consultant authored an assessment on July 6, 2016 (*see* AR 117-158) and opined that through the date last insured, Plaintiff could stand and walk for six hours in an eight-hour work day (*see* AR 128, 149), but would need a cane for long distances and uneven terrain from June 19, 2015 through the date of the opinion. *See* AR 130-31, 151-52. The Court is satisfied that Dr. Brimmer's opinion is consistent with the opinions of the two non-examining state medical consultants with regards to Plaintiff's standing and walking limitation.

In contrast to the opinions of Dr. Brimmer and the two non-examining state medical consultants, Dr. Cohen, relying on the June 2015 x-ray, opined that Plaintiff could only stand and walk for ten minutes at a time for a total of one hour in an eight-hour day. *See* AR 829. Dr. Cohen's opinion regarding Plaintiff's standing and walking limitations thus conflicts with those of Dr. Brimmer and the two non-examining state medical consultants. Because the opinions of the two non-examining state medical consultants are consistent with the clinical findings of Dr. Brimmer, the Court finds that their opinions constitute substantial evidence. *See Thomas*, 278 F.3d at 957. Accordingly, the ALJ did not err in assigning "great" weight to the opinions of the two non-examining state medical consultants.

### 4. Conclusion on the ALJ's Evaluation of the Medical Evidence

As discussed above, the ALJ identified specific and legitimate reasons for discounting the opinion of Dr. Cohen based upon the June 2015 x-ray. As a result, the Court concludes that the ALJ did not err in evaluating the medical evidence.

### V. DISPOSITION

The Social Security Act permits courts to affirm, modify, or reverse the Commissioner's decision "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g); *see also Garrison v. Colvin,* 759 F.3d 995, 1019 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir. 2004). However, "[r]emand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Luther v. Berryhill*, 891 F.3d 872, 877–78 (9th Cir. 2018) (citations omitted).

Because it is not clear from the record that the ALJ would be required to find Plaintiff disabled, remand is appropriate. On remand, the ALJ must re-examine his finding at Step Two, where he lists Plaintiff's severe impairments as including a "left ankle fracture," with respect to the covered period of April 10, 2010 through March 31, 2014. AR 17. If the ALJ does not find an

ankle-related impairment within the covered period, the Court finds no error with the ALJ's decision. If the ALJ does find that Plaintiff suffered from a severe ankle-related impairment other than a "left ankle fracture" during the covered period, the ALJ may need to re-evaluate the opinion of Dr. Cohen in light of the severe impairment and in accordance with this Court's findings set forth above. Accordingly, the Court **GRANTS** Plaintiff's motion for summary judgment, **DENIES** the Commissioner's cross-motion for summary judgment, and **REMANDS** this matter for further administrative proceedings.

**SO ORDERED.**

Dated: December 12, 2019

SUSAN VAN KEULEN
United States Magistrate Judge